# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARILYN BRUEHNER,  )
                   )  2:12-cv-00748-JCM -VCF
        Plaintiff,  )
                   )  **O R D E R**
vs.                )
                   )
AMERICAN FAMILY MUTUAL INSURANCE  )
COMPANY,           )  (Stipulated Confidentiality Order #10)
                   )
        Defendant.  )
_____)

Before the court is the parties' Stipulated Confidentiality Order (#10) which the court approves, with the exception of Paragraphs III (3) and (4). This order also reminds counsel that there is a presumption of public access to judicial files and records. Paragraphs III (3) and (4) of the parties' proposed stipulation were not approved and were deleted by the court. Paragraph III (3) stated that "Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court provided that such documents are filed with the Clerk of Court under seal and prominently marked "Confidential Material Subject to Confidentiality Order." A reasonably similar designation shall also suffice." (#10). Paragraph III (4) stated that "[n]othing in this agreement is intended to have any effect on trial. If AM FAM desires protection at trial, a separate motion must be filed by them. AM F AM understands that [p]laintiffs intend to use Confidential Materials at trial, and AM F AM may move for appropriate confidential treatment of the materials at trial." *Id.*

While some of the deleted language is not inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) or this court's Local Rules regarding filing confidential documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties must adhere to those directives as set forth below.

Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the

court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. Deleted Paragraphs III (3) and (4) of the parties' Stipulated Confidentiality Order (#10) are **NOT APPROVED**.

2. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Confidentiality Order (#10), as modified and signed by the court, is **APPROVED.**

Dated this 15th day of October, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

THOMAS E. WINNER
Nevada Bar No. 5168
MATTHEW J. DOUGLAS
Nevada Bar no. 11371
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059

*Attorneys for Defendant*
*American Family Mutual Insurance Co.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN BUEHNER, | CASE NO.: 2:12-cv-00748-JCM-VCF |
| Plaintiff, | |
| vs. | **STIPULATED CONFIDENTIALITY ORDER** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, DOES 1 through 10, ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter referred to as "AM FAM") will or may contend that some materials produced in this litigation are confidential materials that need protection. To preserve and maintain the confidentiality of documents which have been produced in this litigation, or which may be produced in the future by AM FAM or by other parties and/or third parties, which documents may constitute or contain trade secrets and/or other confidential or proprietary information, and to preserve and maintain the confidentiality of information which may be disclosed, sought, or elicited in this litigation by way of certain trade secrets and/or other confidential or proprietary information, the parties agree as follows:

IT IS HEREBY ORDERED THAT:

I. <u>Scope and Terms.</u>

1. This Order shall encompass all confidential documents, materials, pleadings, data



Page 1 of 5

363807.DOCX

1  information, testimony, statements, or evidence of any type or nature whatsoever ("Litigation
2  Materials"), without regard to form, which is generated, produced, elicited, sought, or obtained,
3  whether formally or informally, at any time during the course of this litigation, including but not
4  limited to appeals, which contain trade secrets. All parties understand that the Plaintiffs have not
5  had the opportunity to see these materials before entering into this agreement and that nothing in
6  this agreement is intended to represent that the Plaintiff agree or consent to any designation by
7  AM FAM of any materials as truly confidential, trade secrets, or otherwise deserving of special
8  protection.

9    2.  As used in this Order, "Confidential Material" shall encompass any type of
10  Litigation Materials, or any copies or portion thereof, designated as confidential, the information
11  itself contained in such materials, and any document or other item of any type which is derived
12  from such materials, including but not limited to copies and reproductions, notes or summaries
13  pertaining to the Confidential Material, pleadings discussing the material, testimony discussing
14  the material, correspondence incorporating or discussing the materials, statements pertaining the
15  material, and exhibits.

16  **II.** **Designation of Confidential Material.**

17    1. If a party disagrees with a designation of confidentiality, the party shall notify
18  AM FAM in writing. If the dispute cannot be resolved by agreement, the material designated as
19  confidential shall remain confidential pending a ruling by the Court and the conclusion of any
20  and all proceedings and appeals challenging such ruling. The party claiming confidentiality has
21  the burden of proving the materials should be kept confidential.

22    Litigation Material other than documents produced by AM FAM may be designated
23  confidential by other means reasonably sufficient to notify others that the material is subject to
24  this Order. The designation of confidential deposition testimony, for example, is addressed by
25  section III(5) of this Order.

26    A confidential designation shall not constitute a representation by AM FAM that it has a
27  reasonable basis to believe that the information is confidential, proprietary or contains a trade
28

363807.DOCX

1  secret and that it has not been previously produced without a protective order, nor received into evidence in open court. AM FAM shall make good faith efforts to apply any stamp of confidentiality to the documents to be produced in a manner which will not cover or have contact with any writing print, photograph, graphics, chart, figures or other information contained on the document.

2. Only one copy of any Confidential Material shall be provided upon request to a party's designated attorney of record ("Designated Attorney"). All Confidential Material received by the Designated Attorney of record shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

**III.    Use and Disclosure of Confidential Material.**

1. Confidential Material shall not be used by any party receiving it, including the party's attorney or other representatives and expert witnesses, for any purpose other than directly for the legitimate litigation of this action or as set out herein.

2. Confidential Material shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a) The parties;

   b) Counsel of record for the parties;

   c) The non-technical and clerical staff employed by counsel of record;

   d) The independent personnel retained by counsel of record to furnish technical or other expert services or advise or to give expert testimony;

   e) Court reporters and translators and deposition transcript reporters and translators; and

   f) The Court and its authorized staff.

   ~~3. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court provided that such documents are filed with the Clerk of Court under seal and prominently marked "Confidential Material Subject to Confidentiality Order." A reasonably similar designation shall also suffice.~~

Page 3 of 5

363807.DOCX

1  ~~4.    Nothing in this agreement is intended to have any effect on trial. If AM FAM~~
2  ~~desires protection at trial, a separate motion must be filed by them. AM FAM understands that~~
3  ~~Plaintiffs intend to use Confidential Materials at trial, and AM FAM may move for appropriate~~
4  ~~confidential treatment of the materials at trial.~~

**IV.    Return of Confidential Material.**

1. This Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Order and any and all proceedings and appeals challenging such decision are concluded.

2. Within thirty (30) days of the final termination of this action, or thirty days following the expiration of any right of appeal of a final judgment all Confidential Material, all copies thereof, and each document and all copies thereof which incorporates or references in whole or in part, any Confidential Material, shall be returned to counsel for AM FAM.

3. Upon final termination of this action, or within thirty days following the expiration of any right of appeal of a final judgment, all Confidential Material and all documents or other materials containing Confidential Material, which have been filed with the Clerk of Court under seal, shall be returned to AM FAM or made available for retrieval.

We consent to the within and foregoing order:

DATED this ___12th___ day of ___OCTOBER___ 2012.

ATKIN WINNER & SHERROD

_____
Thomas E. Winner
Nevada Bar No. 5168
Christina R. Schwab
Nevada Bar No. 10847
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for American Family Mutual Insurance Company*

363807.DOCX

Page 4 of 5

|  |  |
|---|---|
| 1 |  |
| 2 | LAW OFFICES OF WILLIAM R. BRENSKE |
| 3 | _____ |
| 4 | William R. Brenske, Esq. |
|   | Nevada Bar No. 1806 |
| 5 | 630 S. Third St. |
|   | Las Vegas, Nevada 89101 |
| 6 | *Attorney for Plaintiff Marilyn Buehner* |

DATED this **15th** day of **October** _____ 2012.

_____
JUDGE

Submitted by:

ATKIN WINNER & SHERROD, LTD.

_____
Thomas E. Winner
Nevada Bar No. 5168
Christina R. Schwab
Nevada Bar No. 10847
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for American Family Mutual Insurance Company*

CASE NO.: 2:12-cv-00748-JCM-VCF

363807.DOCX

Page 5 of 5